## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**RICHARD JACKSON,**
      **Plaintiff,**

**vs.**                         **Case No. 3:09cv270/LC/MD**

**WILBUR MARTIN, et al.,**
      **Defendants.**

_____

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 9). Plaintiff, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis* without being required to pay an initial partial filing fee. (Doc. 4). Upon review of the amended complaint, the court concludes that several of plaintiff's claims are due to be dismissed.

Since plaintiff is proceeding *in forma pauperis*, the court must review his amended complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728,

1733, 118 L.Ed.2d 340 (1992). **Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).** *Mitchell v. Farcass*, **112 F.3d 1483, 1485 (11ᵗʰ Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.** *Hunnings v. Texaco, Inc.*, **29 F.3d 1480, 1483 (11ᵗʰ Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.** *See Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."** *Cottone v. Jenne*, **326 F.3d 1352, 1357 (11ᵗʰ Cir. 2003);** *Marsh v. Butler County, Ala.*, **268 F.3d 1014, 1022 (11ᵗʰ Cir. 2001).**

**Plaintiff is an inmate of the Florida penal system currently confined at Charlotte Correctional Institution. He was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to this complaint. Named as defendants are Santa Rosa CI Sergeant Wilbur Martin, Santa Rosa CI Sergeant Enfinger, Florida Department of Corrections ("DOC") Inspector Benjamin Smith, DOC Inspector Tim Yaw, and State Attorney William Eddins. Plaintiff claims defendants Martin and Enfinger violated his Fourth, Eighth and Fourteenth Amendment rights on December 27, 2004 when they used excessive force on him (dumped him out of his wheelchair, sprayed him with a chemical agent and beat and kicked him) and then, to cover up their misconduct, falsely reported that it was in response to plaintiff committing a battery on Martin, resulting in plaintiff being criminally prosecuted (unsuccessfully) on state law battery charges. Plaintiff claims**

defendants Smith and Yaw violated his Fourth and Eighth Amendment rights when they referred the criminal charge to the State Attorney's Office for prosecution, knowing it was false. In addition, plaintiff appears to complain that Smith and Yaw failed to transfer him to a different institution, although plaintiff's allegations are extremely vague in this regard. Finally, plaintiff claims defendant Eddins violated his constitutional rights when Eddins initiated and prosecuted plaintiff on the state law battery charge. As relief, plaintiff seeks $75,000 from each defendant (apparently on the Fourth Amendment/malicious prosecution claim); $12,000 for 240 days of gaintime plaintiff lost as a result of being confined in the county jail awaiting trial on the battery charge; $75,000 for the use of excessive force; and injunctive relief.

It is apparent from the face of the amended complaint that plaintiff's claims against defendant Eddins must be dismissed. Plaintiff complains that State Attorney Eddins reviewed all of the evidence, saw that plaintiff did not commit a battery on Martin, and pursued the prosecution anyway because the DOC had requested it. (Doc. 9, pp. 8-9 in ECF). A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). In determining whether a prosecutor's challenged actions were taken in the scope of his role as a state advocate, the court examines the function and nature of the act. *Buckley*, 509 U.S. at 269. Absolute prosecutorial immunity encompasses all acts taken by a prosecutor in performing his role as a government advocate, including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." *Rivera*, 359 F.3d at 1353 (internal citations omitted); *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"); *Elder v. Athens-Clarke County, Ga.*

*Through O'Looney*, 54 F.3d 694, 695 (11th Cir. 1995) ("A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983." (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Furthermore, "[a]n allegation that the decision to prosecute was part of a conspiracy does not in any manner dilute immunity, and a prosecutor is immune from such malicious prosecution claims." *See Elder*, 54 F.3d at 695 (holding that "the allegation that a challenged official act is part of a conspiracy does not in any manner dilute immunity."). In this case, plaintiff seeks to hold defendant Eddins liable for actions he took in his role as a government advocate, namely, initiating and pursuing a criminal prosecution. Even though plaintiff alleges that defendant Eddins knowingly pursued the prosecution in the absence of evidence that plaintiff battered Martin, defendant Eddins is, nevertheless, entitled to prosecutorial immunity. Thus, all of plaintiff's claims against defendant Eddins must be dismissed.

In addition, plaintiff's claims against defendants Martin and Enfinger based on their alleged use of excessive force on December 27, 2004 must be dismissed. Plaintiff alternately refers to his excessive force claim as arising under the Eighth, Fourth and Fourteenth amendments. However, because plaintiff was a convicted prisoner at the time of the alleged beating, the Eighth Amendment is his exclusive source of constitutional protection. *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("After conviction, 'the Eighth Amendment serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986)); *see also Andrews v. Neer*, 253 F.3d 1052, 1060-61 (5th Cir. 2001) (holding that if the victim of an excessive force claim is an arrestee, the Fourth Amendment standard controls; however, if the victim is a convicted inmate of a penal institution, the Eighth Amendment standard controls); *Cornwell v. Dahlberg*, 963 F.3d 912, 915-16 (6th Cir. 1992) (holding that a

claim of improper use of excessive force asserted by a convicted prisoner must be raised exclusively under the Eighth Amendment's cruel and unusual punishments clause, rather than under the Fourth Amendment); *Kinney v. Indiana Youth Ctr*, 950 F.2d 462, 465 (7th Cir. 1991) (collecting cases) (holding that convicted prisoner shot while attempting to escape from prison was barred from raising a claim of excessive force against prison guards under the Fourth Amendment); *but see Clark v. Evans*, 840 F.2d 876 (11th Cir. 1988) (pre-*Graham* decision; holding Fourth Amendment applied to incident where inmate was shot and killed while escaping from prison).

But regardless of the which amendment is implicated, any excessive force claim is barred under the statute of limitations. Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The statute, once selected, should govern all section 1983 actions arising in that state. *Id*. at 275; *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citations omitted); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (citations omitted); *see also Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida is four (4) years. *Chappell, supra*; Fla. Stat. § 95.11(3)(o) (1991).

The statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Thus, an action under § 1983 accrues when (1) plaintiff knows or has reason to know that he has been injured, and (2) plaintiff is aware or should have been aware of who has inflicted the injury. *Id.* (citations omitted). The running of the statute of limitations is a sufficient ground to justify dismissal of a claim as

frivolous.  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003); *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990).

In the instant case, plaintiff states that the alleged beating by Martin and Enfinger occurred on December 27, 2004.  Plaintiff did not file this case until June 18, 2009.  This court noted the time bar issue upon review of plaintiff's original complaint. (Doc. 4).  In an order dated June 25, 2009, the court advised plaintiff of the issue and directed him to explain in his amended complaint why his constitutional claims of excessive force were not barred by the statute of limitations. Plaintiff addresses the issue in his amended complaint, arguing that because he was not acquitted of the state law battery charge until August 28, 2008, his claims relating to the beating did not accrue until then because "it was not proven until August 28, 2008 that defendants violated this constitutional right when the jury reviewed the evidence and found plaintiff not guilty.  Therefore the statute of limitation would begain [sic] at that point."  (Doc. 9, p. 12 in ECF).  Plaintiff alternatively argues that the statute of limitations should be tolled from September 10, 2008 to December 31, 2008, because he was exhausting his administrative remedies during that period, and then tolled again from January 23, 2009 to July 23, 2009, because his Notice of Intent to Sue filed with the Florida Department of Risk Management was pending during that period.  (*Id.*, pp. 12-13 in ECF).  All of these arguments should be rejected.

The actions that plaintiff alleges as the foundation of his excessive force claim were completed by December 27, 2004.  Plaintiff's claim would have become apparent to a person with a reasonably prudent regard for his rights at that time. Plaintiff did not file his complaint until June 18, 2009, which is roughly four and a half years after the alleged beating.  Unlike his malicious prosecution claim, plaintiff was not required to establish that the criminal prosecution terminated in his favor before pursuing the excessive force claim. Furthermore, what plaintiff characterizes as an administrative grievance filed on September 10, 2008 was not in pursuit of

exhausting his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Rather, it was a "Notice of Intent" filed on an Inmate Request form merely the defendants and the Department of Risk Management that plaintiff intended to sue them. (Doc. 9, p. 18 in ECF). This "Notice of Intent" was not part of the DOC's three-level administrative grievance process. Moreover, the "Notice of Intent to File Claim" form plaintiff submitted to Ms. Quick, the DOC Risk Management Coordinator on January 23, 2009 was likewise not in pursuit of exhausting his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Rather, it was pursuant to Florida Statute § 768.28(6)(a), which requires that a plaintiff notify the Department of Risk Management of his intent to file a tort claim action for money damages under the Florida Tort Claims Act. (Doc. 9, pp. 15-17 in ECF). Plaintiff's amended cmplaint does not assert a claim under the Florida Tort Claims Act.

Finally, although plaintiff alleges in his amended complaint that he attempted to file a civil rights complaint in June of 2005 and in July of 2006 but defendant Martin intercepted them and tore them up, (Doc. 9, p. 5 in ECF), such allegations do not entitle plaintiff to equitable tolling. "The interests of justice . . . can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is only proper on the court's "finding [that] an inequitable event . . . prevented plaintiff's timely action," and the plaintiff bears the burden of proof. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Nevertheless, "[equitable] tolling is an extraordinary remedy." *Id*. In the instant case, even assuming that defendant Martin interfered with two of plaintiff's attempts to pursue a civil rights action based on the alleged December 27, 2004 beating, plaintiff admits that he was confined outside of Santa Rosa CI (in the county jail) for at least 8 months in 2008.

As plaintiff cannot meet his burden of showing that his failure to timely file a civil rights complaint was unavoidable even with diligence, equitable tolling would not apply.

It appearing beyond doubt from the face of the amended complaint and attachments that plaintiff can prove no set of facts which would avoid a statute of limitations bar, plaintiff's excessive force claim against defendant Martin and Enfinger concerning the alleged December 27, 2004 beating should be dismissed. *Leal v. Georgia Dep't of Corrections*, 254 F.3d 1276, 1280 (11th Cir. 2001).

Remaining are plaintiff's malicious prosecution claims against defendants Martin, Enfinger, Yaw and Smith, and plaintiff's claims against defendants Yaw and Smith relating to plaintiff's continued confinement at Santa Rosa CI. Plaintiff's allegations with regard to the latter are so vague that these defendants cannot reasonably prepare a response. For example, plaintiff generally references that Yaw and Smith were aware of "harassment" and "problems" while plaintiff was at Santa Rosa CI, however, he provides no time frame for the alleged misconduct, fails to identify what facts put Yaw and Smith on notice that a substantial risk of harm existed, fails to state with particularly what these defendants did or did not do with regard to specific threats of which they became aware, and fails to identify how he was injured as a result. In amending, plaintiff must provide a more definite statement of these claims.

Finally, it is noted that plaintiff cannot obtain the majority of the relief he seeks. Because plaintiff's excessive force claim is barred by the statute of limitations, he is not entitled to his $75,000 demand for relief on that claim. Plaintiff is further not entitled to the $75,000 demanded against each defendant for their involvement in his malicious prosecution, and the $12,000 for gaintime he allegedly lost as a result of being confined in the county jail. The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody. Plaintiff's damages claims for $75,000 and $12,000 are based the alleged constitutional violation itself (the alleged malicious prosecution/Fourth Amendment violation) divorced from any mental or emotional injury it caused, including plaintiff's alleged unjust confinement. The complaint alleges no physical injury resulting from the Fourth Amendment violation. Confinement or the loss of liberty, itself, does not constitute a physical injury. *See Napier*, 314 F.3d at 534 (prisoner who challenged arrest and subsequent detention did not satisfy § 1997e(e)'s physical injury requirement). Therefore, so long as he is imprisoned plaintiff will be prohibited under the PLRA from bringing his claims for compensatory and punitive damages arising from his alleged malicious proseuction. *See Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated,* 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part*, 216 F.3d 970 (11th Cir. 2000). If successful, the only damages he will be able to recover are nominal ones (ordinarily $1.00).

Plaintiff also seeks the following injunctive relief: "New training procedures and proper supervision of D.O.C. staff, that each defendant be demotted [sic] one step down, and the court appoint someone to monitor staff at Santa Rosa in order to keep this from happening again, and injunction against state D.O.C. staff involved." (Doc. 9, p. 9 in ECF). The attachments to plaintiff's original complaint establish that plaintiff was transferred from Santa Rosa CI to Charlotte CI on or about December 24, 2008. (Doc. 1, pp. 20-21 in ECF). Because plaintiff is no longer

confined at Santa Rosa CI, no order from this court requiring monitoring of Santa Rosa CI staff "to keep this from happening again" would have any effect. Furthermore, since there appears no reason to believe that plaintiff will again be confined at Santa Rosa CI under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). Thus, this request for injunctive relief is subject to dismissal as moot. Furthermore, plaintiff's request that each defendant be demoted is beyond the authority of this court. *See Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ( "The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment."). Finally, plaintiff's request for new training procedures and proper supervision of DOC staff is inappropriate, as plaintiff's allegations suggest the defendants' actions were the product of maliciousness, not inadequate training.

In summary, the only claims that should be allowed to proceed in this cause of action are plaintiff's claims for nominal damages arising from defendants Martin's, Enfinger's, Yaw's and Smith's alleged involvement in maliciously

prosecuting plaintiff in violation of the Fourth Amendment and, if properly pleaded, plaintiff's deliberate indifference claim against defendants Yaw and Smith.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's excessive force claims asserted against defendants Martin and Enfinger under the Eighth, Fourth, and Fourteenth Amendments be DISMISSED WITH PREJUDICE as barred by the statute of limitations.

2.  That all of plaintiff's claims against defendant Eddins be DISMISSED WITH PREJUDICE on grounds of prosecutorial immunity.

3.  That plaintiff's compensatory and punitive damages claims based on the alleged malicious prosecution be DISMISSED WITHOUT PREJUDICE as barred under 42 U.S.C. § 1997e(e).

4.  That plaintiff's claims for injunctive relief be DISMISSED.

5.  That the matter be referred to the undersigned for further proceedings (including the filing of an amended complaint) on plaintiff's malicious prosecution claims against defendants Martin, Enfinger, Yaw and Smith, and plaintiff's deliberate indifference claims against defendants Yaw and Smith.

At Pensacola, Florida this 27th day of October, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).