IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD JACKSON,
        Plaintiff,

vs.                              Case No. 3:09cv270/LC/MD

WILBUR MARTIN, et al.
        Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action, commenced this proceeding on June 18, 2009, by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). Upon the filing of an amended complaint (doc. 9), this court issued an order dismissing several of plaintiff's claims as follows: plaintiff's excessive force claims against defendants Martin and Enfinger were dismissed with prejudice as barred by the statute of limitations; plaintiff's claims against defendant Eddins were dismissed with prejudice as barred by prosecutorial immunity; plaintiff's compensatory and punitive damages claims based on defendants' alleged malicious prosecution of plaintiff were dismissed without prejudice as barred by 42 U.S.C. § 1997e(e); and plaintiff's claims against all of the defendants for injunctive relief were dismissed. (Doc. 11). The court did not direct entry of a final judgment at that time. The matter was referred to the undersigned for further proceedings (including the filing of an amended complaint) on plaintiff's malicious prosecution claims against defendants Martin, Enfinger, Yaw and Smith, and plaintiff's deliberate indifference claims against defendants Yaw and Smith. (*Id.*).

Accordingly, on March 17, 2010, plaintiff filed a second amended complaint. (Doc. 18). Defendants Martin, Enfinger and Smith[1] now move to dismiss this case under the three strikes provision of 28 U.S.C. § 1915(g). In the alternative, they move for dismissal on the grounds that plaintiff abused the judicial process by failing to disclose his prior litigation history despite this court's explicit directive to do so. (Docs. 36, 55). Plaintiff has responded in opposition to dismissal. (Doc. 53). Defendants have filed a reply. (Docs. 58, 60). Upon review of the parties' submissions, applicable statutes and controlling case law, as well as the clerk's records, the court finds that this case should be dismissed.

### Allegations of Plaintiff's Second Amended Complaint

Plaintiff, who is presently incarcerated at Charlotte Correctional Institution, was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to his complaint. His second amended complaints names four defendants: Santa Rosa CI Sergeant Wilbur Martin, Santa Rosa CI Sergeant Stephen Enfinger, Florida Department of Corrections ("DOC") Inspector Benjamin Smith, and DOC Inspector Tim Yaw. Plaintiff claims defendants Martin and Enfinger maliciously prosecuted him in violation of his constitutional rights when they falsely reported that plaintiff committed a battery on Martin on December 27, 2004, which resulted in plaintiff being criminally prosecuted (unsuccessfully) on state law charges of battery on a law enforcement officer. Plaintiff claims defendants Smith and Yaw maliciously prosecuted him in violation of his constitutional rights when they referred the criminal charge to the State Attorney's Office for prosecution, knowing it to be false. In addition, plaintiff claims defendant Yaw was deliberately indifferent to plaintiff's safety in April of 2004 when he allowed plaintiff to be transferred to Santa Rosa CI despite his awareness that "there would be problems between staff and Jackson." Plaintiff further claims defendants Yaw and Smith were deliberately indifferent to his safety from June of 2004 through March of 2005 when they failed to transfer plaintiff

---

[1]Defendant Yaw has not been served.

*Case No: 3:09cv270/LC/MD*

to a different institution despite their awareness that plaintiff was being harassed by Martin and Enfinger at Santa Rosa CI. As relief, plaintiff seeks monetary damages and injunctive relief. (Doc. 18).

**Dismissal Under the Three Strikes Provision of 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

In the instant case, as of the date plaintiff filed this civil action he had previously filed the following cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted:

> *Jackson v. Honstead*, Case No. 3:02cv165, a civil rights case plaintiff initiated in the United States District Court for the Middle District of Florida ("Middle District") on February 27, 2002, and which challenged the conditions of

plaintiff's confinement. The case was dismissed as malicious on May 24, 2002 for plaintiff's abuse of the judicial process in falsely and incompletely responding to questions on the complaint form concerning his prior litigation history.

*Jackson v. Clemons*, Case No. 3:02cv613, a civil rights case plaintiff initiated in the Middle District on June 27, 2002, in which he challenged the conditions of his confinement. The case was dismissed on January 28, 2004 under 28 U.S.C. § 1915(e)(2)(B), upon a finding that plaintiff's claims were frivolous and had not been exhausted through the administrative grievance procedure.

*Jackson v. Clemons*, Eleventh Circuit Appeal No. 04-11164-G. This was plaintiff's appeal of the judgment in Middle District Case No. 3:02cv613. In this appeal – dismissed on September 23, 2004 pursuant to the Eleventh Circuit's failure to prosecute rule – the Eleventh Circuit denied plaintiff's "Motion for Leave to Proceed" after finding the appeal frivolous, and allowed plaintiff 35 days to file a motion for reconsideration or the appeal would be dismissed. When plaintiff did not timely move for reconsideration of the order, the Eleventh Circuit dismissed the appeal.[2] *See* http://pacer.ca11.uscourts.gov/CHMSDKTP.FWX (copy at Doc. 9, p. 32 in ECF).

Plaintiff was incarcerated at the time of filing each of the foregoing actions. Each action was dismissed prior to plaintiff's filing the instant complaint.

Plaintiff argues that Middle District Case Numbers 3:02cv165 and 3:02cv613 are the "same case" because they involved the same defendants; therefore, they should not be counted as separate strikes. (Doc. 53, pp. 2-4). He further argues that the only reason Case Number 3:02cv613 was dismissed as frivolous is because plaintiff lacked "legal skills." (*Id.*, p. 4). Therefore, that dismissal should not constitute a strike. Both of these arguments are unavailing. The two Middle District

---

[2]A dismissal for failure to prosecute made in light of an appellant's failure to move for reconsideration of an order finding his appeal frivolous is a strike for purposes of 28 U.S.C. § 1915(g). *See Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008) (holding that dismissal of inmate's prior civil action against prison officials for failure to prosecute made in light of the inmate's frivolous response to a show cause order constituted a "strike" for purposes of § 1915(g)) (copy at Doc. 35, Ex. A).

In light of this conclusion, the court need not address defendants' argument that the case of *Jackson v. Whitehurst*, Northern District Court Case No. 4:07cv131 (dismissed for failure to prosecute and failure to obey a court order) constitutes a strike under § 1915(g).

*Case No: 3:09cv270/LC/MD*

cases are separate and distinct "civil actions" which were dismissed on separate and distinct bases. Further, the level of plaintiff's legal skills is irrelevant to the determination whether a case constitutes a strike for purposes of § 1915(g).

As a "three-striker," plaintiff was therefore required to pay the $350.00 filing fee in full at the time he initiated this lawsuit, unless his allegations show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915, *Brown, supra; Rivera, supra.*

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit in *Brown*, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Id.*, 387 F.3d at 1350. The court must construe plaintiff's *pro se* complaint liberally and accept all well-pleaded factual allegations as true. *See id.*; *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). "Imminent danger" is assessed at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3rd Cir. 2001). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule

is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

In the instant case, plaintiff's allegations of malicious prosecution and deliberate indifference occurring over six years ago do not show that he is in imminent danger of serious physical injury. Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required. *Dupree v. Palmer, supra*.[3]

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 36) be GRANTED and plaintiff's second amended complaint (doc. 18) be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That all other pending motions be DENIED AS MOOT.

3. That judgment be entered in accordance with this court's December 2, 2009 order (doc. 11), and the order adopting this Report and Recommendation.

---

[3]**Although the court need not address defendants' alternative argument for dismissal – that this case should be dismissed as malicious for plaintiff's abuse of the judicial process in failing to disclose all of his prior litigation – the court concludes that dismissal on that basis would be appropriate for the reasons outlined in defendants' motion (doc. 36). Plaintiff failed to disclose either directly or indirectly that he initiated the cases of *Jackson v. Honstead*, Middle District Case No. 3:02cv165 and *Jackson v. Whitehurst*, Northern District Case No. 4:07cv131. Plaintiff argues that the non-disclosure was not his fault, because he wrote the clerk of court for the Middle District and asked her for a listing of his cases. (Doc. 9, Attach.; *see also* Doc. 53). He therefore contends that the clerk is responsible for any non-disclosure. However, the attachments to plaintiff's first amended complaint show only that plaintiff requested a listing of his cases and that the clerk responded by advising plaintiff he must submit certain fees for a docket search and copy work. (Doc. 9, Attach. at pp. 19-21 in ECF). Plaintiff does not allege or show that he took further action once he received the clerk's response. In any event plaintiff neither alleges, nor provides documentation to establish, good cause for his failure to disclose the case filed in this court, Case No. 4:07cv131. The attachments to his amended complaints do not suggest that he ever contacted the clerk of this court to obtain a listing of his prior cases. Plaintiff merely argues why dismissal of that case for failure to prosecute should not be counted as a strike under § 1915(g). (Doc. 53, pp. 4-7).**

*Case No: 3:09cv270/LC/MD*

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 31st day of January, 2011.


/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).